EASTON LLC, doing business in New York as Shillelagh Holdings LLC, Plaintiff–Appellant,

v.

INC. VILLAGE OF MUTTONTOWN, Defendant–Appellee.

No. 12–2134.

United States Court of Appeals, Second Circuit.

Dec. 13, 2012.

Law Office of Stephen P. Conlon, Stephen P. Conlon, Cold Spring, Harbor, NY, for Appellant.

Steven G. Leventhal, Leventhal, Cursio, Mullaney & Sliney, LLP, Roslyn, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, RALPH K. WINTER, Circuit Judge and LAURA TAYLOR SWAIN, District Judge.*

## SUMMARY ORDER

Plaintiff Easton LLC ("Easton") appeals from the judgment of the United States District Court for the Eastern District of New York (Boyle, *M.J.*), dismissing the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Easton did not obtain a final determination regarding its application for a hardship exemption from the moratorium, therefore, its federal takings, substantive due process, and equal protection claims are not ripe. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); *see also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–89 (2d Cir.2002).

2. Because Easton cannot show that the moratorium bears no rational relationship to any government purpose, Easton's facial challenges under federal law to the moratorium must also fail. *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir.1999); *Orange Lake Assocs., Inc. v. Kirkpatrick*, 21 F.3d 1214, 1225 (2d Cir. 1994).

3. The district court, however, did not explain why it was dismissing Easton's state law claims. We therefore vacate the dismissal of Easton's state law claims and remand to the district court for further consideration. We express no view as to the merits of Easton's state law claims.

For the foregoing reasons, and finding no merit in Easton's other arguments, we hereby **AFFIRM** the judgment of the district court to the extent it dismissed Easton's federal claims, **VACATE** the judgment to the extent it dismissed Easton's state law claims, and **REMAND** for further consideration of the state law claims.